UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COREY LEGGETT,

                    Plaintiff,

              -against-

MS BUCANNAN ONTADA CORR. FAC.;
PORTCHESTER POLICE DEPARTMENT;
MARCY CORR CYC UNIT; ROCKLAND
CYC UNIT; BRONX CYC UNIT; MONICA
BELL; KING BOROUGH CYC CENTER;
DEPT. HURLEY; LESTER M. WRIGHT,

                    Defendants.

23-CV-3743 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who resides in Yonkers, New York, and is appearing *pro se*, brings this action

invoking the Court's federal question and diversity jurisdiction. He alleges that the events giving

rise to his claims occurred in "9/2001." He names several Defendants, many of whom do not

appear to have a relationship with each other: Ms. Buchannan and Monica Ball, who are

employees of the New York State Department of Corrections and Community Supervision

("DOCCS"); Deputy Hurley, whom Plaintiff does not otherwise identify; and Lester M. Wright,

also a defendant whom Plaintiff does not identify except by name. Plaintiff also adds to the

caption of the complaint the following Defendants: (1) a psychiatric unit located at Marcy

Correctional Facility, (2) psychiatric units located in Rockland, Bronx, and Kings Counties, and

(3) the Portchester Police Department.

        By order dated May 10, 2023, the Court granted Plaintiff's request to proceed *in forma*

*pauperis*, that is, without prepayment of fees. For the reasons set forth in this order, the Court

grants Plaintiff 60 days' leave to file an amended complaint and dismisses the case as against the

Defendants named above.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded

factual allegations, the Court must determine whether those facts make it plausible – not merely

possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint. In 2001, at the Oneida Correctional

Facility,[1]

> they had a lot of visitors come to the prison because of me and what they were
> trying the Brainwaves from my head for 6 months to police officers in [Oneida]
> Corr. Fac. [They] [w]ere probing my eyes watching the brain weight around me in
> the compounds and each day they put it in . . . and some days were even harder
> because they would dehydrate me before calling me for blood work. I never told
> anyone this until now they have people that will put you lights out for stuff like
> this because they had to go into my blood cavity in order to take out the power in
> my head . . . I have no power in my head no brainwaves no power in my head. It's
> very hard because I fight to get the words out. I have no juice in my head and I
> never told them about this. I was afraid for my life.

(ECF 1, at 5-6) (cleaned up). Plaintiff states, "I was in many [psych] institutions . . . being

admitted to [psych] departments deprived me of my will undermined me in this matter." (*Id.* at 6)

(same). He requests his mental health and medical records, and "for property from my last state

number 08A3631 and before I was arrested, I had 330 thousand [illegible]." (*Id.*) (same).

Plaintiff alleges that he suffers from migraine headaches and seeks money damages.

According to publicly available records maintained by DOCCS, the identification number

Plaintiff provides corresponds with the number DOCCS assigned to him when he was

incarcerated. *See* DOCCS, Inmate Lookup, https://nysdoccslookup.doccs.ny.gov. Those records

indicate that Plaintiff was in DOCCS custody from July 3, 2008, to December 13, 2019

---

[1] Plaintiff spells this facility "Onteda" and "Ontada," but the Court understands this
facility to be the former DOCCS facility, Oneida Correctional Facility, which was located in
Oneida County.

(although it appears he was released on parole for some of that time), and that Sing Sing

Correctional Facility was the last facility in which he was incarcerated. *See id.*

## DISCUSSION

### A.      Claims Arise Under 42 U.S.C. § 1983

The Court construes the complaint as asserting claims under 42 U.S.C. § 1983 because

Plaintiff alleges facts regarding his incarceration in New York state facilities; the complaint

therefore may state claims that implicate his rights under federal law or the Constitution of the

United States.[2] To state a claim under Section 1983, Plaintiff must allege both that: (1) a right

secured by the Constitution or laws of the United States was violated, and (2) the right was

violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487

U.S. 42, 48-49 (1988).

#### 1.      Personal Involvement

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants'

direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y.*

*State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit

that personal involvement of defendants in the alleged constitutional deprivations is a

prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A

defendant may not be held liable under Section 1983 solely because that defendant employs or

supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676

---

[2] Plaintiff also invokes the Court's diversity jurisdiction as a basis for exercising jurisdiction of his claims. *See* 28 U.S.C. § 1332. Because Plaintiff resides in New York, and he names individuals who also appear to reside in New York, the Court cannot exercise diversity jurisdiction of his claims. Should Plaintiff pursue state law claims in this action and name a defendant who does not reside in New York, the Court will consider whether Plaintiff meets the statutory requirements under the diversity statute.

(2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendants Ms. Buchannan, Monica Bell, Deputy Hurley, or Lester Wright were involved personally in the events underlying any of Plaintiff's claims. Plaintiff's claims are therefore dismissed against these Defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.    Marcy Correctional Facility "Cyc Unit"

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Here, Plaintiff cannot assert a civil rights claim under Section 1983 against a psychiatric unit located in a New York State correctional facility, which is a part of DOCCS, "an arm of the state [ ] entitled to Eleventh Amendment sovereign immunity." *Gollomp*, 568 F.3d at 366. Moreover, Marcy's psychiatric unit, as a unit of that arm of the state, is not a "person" for purposes of a claim under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989) ("[O]ur holding here [that a State is not a 'person' within the meaning of § 1983] applies

only to States or governmental entities that are considered 'arms of the State'"). Marcy Cyc Unit

is therefore entitled to Eleventh Amendment immunity, and the Court dismisses all claims

against the unit because the claims seek monetary relief against a defendant immune from such

relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

     **3.**     **Portchester Police Department and Rockland "Cyc Unit"**

Plaintiff's claims against the Portchester Police Department and the Rockland "Cyc Unit"

must be dismissed because those defendants are city agencies or departments and therefore do

not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of*

*LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality

are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)

("Under New York law, departments which are merely administrative arms of a municipality do

not have a legal identity separate and apart from the municipality and cannot sue or be sued.");

*see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter,

includes only a county, town, city and village."). The claims against these two defendants are

therefore dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Ordinarily the Court would construe the complaint as asserting claims against the City of

Portchester and Rockland County, which are the municipalities that may be sued for claims

arising out of conduct by the Portchester Police Department and Rockland County, but Plaintiff

does not state any facts suggesting the involvement of the City of Portchester or Rockland

County in the violation of any of his rights. The Court therefore declines to add the City of

Portchester and Rockland County as defendants under Rule 21 of the Federal Rules of Civil

Procedure.

### 4. Bronx "Cyc Unit" and King Borough "Cyc Center"

Plaintiff's claims against the Bronx "Cyc Unit" and the King Borough "Cyc Center" – which the Court understands to be a psychiatric unit in Bronx County and Kings County, New York – must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The claims against these two defendants are therefore dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Ordinarily the Court would construe the complaint as asserting claims against the City of New York, which is the municipality that may be sued for claims that arose in a city-run psychiatric unit in the Bronx County or Kings County, but Plaintiff does not state any facts suggesting the involvement of the City of New York in the violation of any of his rights. The Court therefore declines to add the City of New York as a defendant under Rule 21 of the Federal Rules of Civil Procedure.

### B. Statute of Limitations

Claims brought under Section 1983 generally must be filed within three years of the date a claim accrues.[3] Section 1983 claims generally accrue when a plaintiff knows or has reason to

---

[3] The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5).

know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Plaintiff alleges that the events giving rise to this action occurred in September 2001, though he does not state what occurred during that month. The Court construes the complaint, however, as asserting claims that occurred during Plaintiff's incarceration. DOCCS records indicate that Plaintiff was released from Sing Sing Correctional Facility on December 19, 2019. Construing the complaint as asserting claims related to his incarceration, any such claims that arose at Sing Sing are time barred because Plaintiff filed this complaint on May 3, 2023, after the three-year limitation period expired.

**1.      Opportunity to be Heard**

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

### 2.     Equitable Tolling

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society").

### 3.     Tolling the Limitation Period

There are no facts in the complaint suggesting that the statute of limitations should be equitably tolled in this case. As discussed below, the Court grants Plaintiff leave to amend his complaint. In any such amended complaint, Plaintiff may state facts showing that the doctrine of equitable tolling should apply in this case.

### LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid claim arising from his incarceration at Sing Sing Correctional Facility, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims as follows:

Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights.

If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint, with a description, such as "John Doe #1, Sing Sing Correctional Officer, on duty [provide date and time]."[5]

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[5] The naming of John Doe defendants, however, does not toll the three-year statute of limitations period governing this action, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.  Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

    a.   the names and titles of all relevant people;

    b.   a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c.   a description of the injuries Plaintiff suffered; and

    d.   the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief. Finally, if Plaintiff asserts claims that are time barred, he may include facts showing that the limitation period should be tolled under the doctrine of equitable tolling.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-3743 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses all claims brought against Ms. Buchanan, Monica Ball, Deputy Hurley, Lester M. Wright, the Portchester Police Department, Marcy Corr. Cyc Unit, Rockland

Cyc Unit, Bronx Cyc Unit, and Kings Borough Cyc Center. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 20, 2023
         New York, New York

                                             /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                         Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name            Middle Initial            Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                    State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                           Plaintiff's Signature

_____
First Name                          Middle Initial                Last Name

_____
Prison Address

_____
County, City                                        State                       Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____