UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COREY L. LEGGETT,<br><br>                              Plaintiff,<br><br>        -against-<br><br>BUCANUAN ONTADA, et al.,<br><br>                             Defendants. | 23-CV-3743 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated June 20, 2023, the Court granted Plaintiff leave to file an amended complaint to state facts in support of any claims arising from his incarceration at Sing Sing Correctional Facility ("Sing Sing"). On October 11, 2023, Plaintiff filed an amended complaint, in which he states that his claims arose in 2001 in Oneida Correctional Facility ("Oneida"). The Court has reviewed this submission, and for the reasons stated in this order, dismisses the amended complaint for failure to state a claim.

## DISCUSSION

      In Plaintiff's original complaint, he stated that the events giving rise to this action occurred in September 2001. Because Plaintiff alleged facts suggesting that he sought relief for events occurring during his incarceration in the custody of the New York State Department of Corrections and Community Supervision, the Court construed the complaint as asserting claims that occurred at Sing Sing, where Plaintiff had been incarcerated, and granted him leave to file an amended complaint. The Court also directed Plaintiff to assert facts showing either that his claims were timely or that the doctrine of equitable tolling should apply.

      In Plaintiff's amended complaint, he states that his claims occurred in 2001 at Oneida and alleges the following:

> I don't know who in charge but I lost the power in my head at Oneida Correction Facilitys with witc now Im under the influence of cych meds its hard to express myself i need a lawyer this medication makes it hard for me to express with empression thay would just turn over 7 million $ to me for what has been done and what is now being done do you no what is like I have no brian waves I can't even dream anymore I can answer questions tho[.][1]

(ECF 11, at 17.) Plaintiff names as Defendants: (1) "Bucannan Albany Oneida"; (2) "Dept Lester M. Wright Albany NY"; (3) "Dept Hurley"; (4) Monica Bell; and (5) "suppa from portchester police department." (*Id.* at 15.)

The amended complaint does not state a claim against the named Defendants. In Plaintiff's original complaint, he named these same Defendants, and the Court dismissed the claims against them, noting "that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013)) (internal quotation marks omitted). As Plaintiff names the same Defendants in this pleading, for whom he does not allege any facts suggesting their personal involvement in any conduct that violated his rights, the Court dismisses the amended complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

## CONCLUSION

Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court dismisses this action and directs the Clerk of Court to terminate any pending motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   November 14, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge